178 So. 894

## COMERFORD v. INTERNATIONAL HARVESTER CO.

### 6 Div. 218.

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied Feb. 24, 1938.

Horace C. Wilkinson, of Birmingham, for appellant.

Smith, Windham, Jackson & Rives, of Birmingham, for appellee.

FOSTER, Justice.

This is an action at law. Its nature is probably best described by copying count 1, which is as follows:

"Plaintiff claims of the defendant $2,-900.00 as damages for that for about twenty years prior to the 18th day of May, 1936, plaintiff was employed by the defendant under a written contract for his services as long as they were satisfactory, which contract also provided in substance that it could be terminated by the defendant at any time on five days notice to the plaintiff, and during said period of time plaintiff rendered defendant faithful and efficient and satisfactory service.

"Plaintiff further avers that while his contract of employment was in full force and effect, and during the time he was performing his part of said agreement, one I. B. Dawson, the defendant's assistant domestic sales manager, who was plaintiff's superior in the defendant's organization, attempted to alienate the affections of plaintiff's wife.

"Plaintiff further avers that when the said I. B. Dawson was unsuccessful in his attempt to alienate the affections of plaintiff's wife, out of a spirit of revenge,

he, the said I. B. Dawson, wrongfully and maliciously caused the defendant to terminate its said contract of employment with the plaintiff on to-wit the 18th day of May, 1936, by wrongfully, falsely, and maliciously reporting to the management of the defendant that plaintiff's services were not satisfactory, or that he was not performing his part of said contract of employment in a satisfactory manner.

"Plaintiff further avers that on to-wit the 22nd day of May, 1936, the defendant was fully advised and informed of the said wrongful conduct of the said I. B. Dawson; that the defendant ratified and approved the aforesaid wrongful and malicious interference with the plaintiff's right under said contract, and failed or refused to remedy the wrong it had done the plaintiff by discharging him, and as a proximate consequence, plaintiff was greatly humiliated and embarrassed, and was caused to suffer great mental anguish and was caused to lose a lucrative and profitable position, and was put to great trouble, expense, annoyance and inconvenience in and about obtaining new employment, and was caused to be without employment for a long period of time, and to lose a large sum of money for salary he would otherwise have received, all to his damage in the sum aforesaid, and plaintiff claims punitive damages."

The court sustained demurrer to it. The same nature of action is set out in count 2, not necessary to copy in full. The demurrer goes to the merits of the question of whether it states a cause of action. Plaintiff declined to plead further, and judgment was rendered for defendant.

At the outset, we distinguish this case from United States F. & G. Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A.L.R. 520, in that this suit is not against one for maliciously procuring the discharge of plaintiff by his employer, but is against the employer who discharged plaintiff in the exercise of a right to do so.

It is argued that the defendant ratified and affirmed the act of its sales manager in procuring defendant to discharge him, though in discharging him defendant did him no legal wrong, in that afterwards defendant was fully advised of the wrongful conduct of its said manager in that respect, and failed or refused to remedy the wrong or to reinstate plaintiff.

But both in discharging plaintiff and in failing or refusing to reinstate him, the

**378**

complaint does not show that there was any legal wrong done him by defendant.

In Tennessee Coal, I. & R. Co. v. Kelly, 163 Ala. 348, 50 So. 1008, 1010, this court in that connection expresses a principle obviously sound and here applicable, as follows: "If the defendant only acted or threatened to act as it had a right to act or threaten, and only did or threatened to do that which it had a lawful right to do, and this did not involve a superior or paramount right of the plaintiff, this would give the plaintiff no right of action, though it may have caused him injury, and though defendant may have been actuated by a desire and intention to cause him injury. If one does an act which is legal in itself and violates no right of another, the fact that this rightful act is done from bad motives or with bad intent toward the person so injured thereby does not give the latter a right of action against the former. Therefore, if the defendant's acts complained of in this case were legal in themselves, and violated no superior right of the plaintiff, they were not actionable."

 It is not claimed that defendant is liable originally or by ratification for any supposed wrong in attempting to alienate the affections of plaintiff's wife, by defendant's assistant sales manager. If that officer of defendant had had authority himself to discharge plaintiff, which is not shown, and had done so, because he had failed in his effort to alienate the affections of plaintiff's wife, and with ill will toward plaintiff, but if such discharge had been in accordance with his right under the contract with plaintiff, there would have been no liability to plaintiff by the defendant. The discharge of plaintiff by some other authority of defendant, exercised within the power of the contract with or without knowledge of the facts to which we have referred, and the refusal to reinstate him after such knowledge, were all legal so far as defendant was concerned, regardless of the motive or malice which actuated it.

Moreover, the refusal to reinstate after knowledge of the facts might have been an exercise of good judgment as well as legal right. Defendant could well have decided that it would be in the interest of good management not to have both plaintiff and the guilty assistant sales manager working together under the circumstances. It could have concluded that the services of the sales manager were preferable, and have retained him without in the least ratifying or condoning his conduct toward plaintiff.

So that the malice and wrong of the sales manager, not in the scope of his employment, was not ratified or adopted by anything alleged in the complaint. But if it had been, that circumstance would have been no more than if defendant had known of it and acted in a spirit of malice in discharging plaintiff. Since the right to do as was done is not challenged otherwise, it is not wrongful because malicious and done for improper reasons. 39 Corpus Juris 1375, § 1614.

We think the judgment sustaining the demurrer was without error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.