The plaintiff, Charles J. Martin, filed an action seeking damages for his wrongful dismissal from employment by the defendants. His amended complaint contained claims for wrongful discharge, breach of contract, and malicious procurement of discharge. On January 10, 1978 the trial court issued an amended order granting the defendants' motion for summary judgment because the complaint did not state a claim upon which relief could be granted. The plaintiff has appealed from that order.
The plaintiff bases his claim on the following alleged facts: On or about June 24, 1975, the plaintiff was working for the defendants as an employee at will, and he *Page 709 
suffered an injury at that time which was covered by Alabama's workmen's compensation law. Title 25, Chapter 5, Code of Alabama 1975. The plaintiff filed a claim for compensation and consulted an attorney. In retaliation for these actions, the plaintiff alleges that he was wrongfully discharged from his employment by the defendants. The defendants (appellees) have stated in their brief that, although the plaintiff did not return to work after his injury, his medical bills were paid and he received workmen's compensation benefits during the period of his disability.
The trial court, in its amended order granting summary judgment for the defendants, held that the plaintiff failed to state a claim upon which relief could be granted because "[t]he general rule is that an employment contract at will may be terminated by either party with or without cause or justification." Record at 41. The court cited as authority for its ruling our recent decision in Hinrichs v. TranquilaireHospital, 352 So.2d 1130 (Ala. 1977).
In Hinrichs this court upheld the general rule stated above and rejected the circumvention of such rule when the discharge of an employee at will "contravenes a statute or is contrary to `public policy.'" Id. at 1131 (emphasis added). Since we feel that the Hinrichs case is dispositive of this appeal, we hold that an employee at will is not entitled to damages for wrongful discharge when he is terminated by his employer for having consulted an attorney and applied for workmen's compensation benefits for an injury allegedly sustained in the course of his employment.
The following language quoted from Hinrichs mandates our holding:
 "(1) The general rule is that an employment contract at will may be terminated by either party with or without cause or justification. 56 C.J.S. Master and Servant § 31; and 62 A.L.R.3d 271. This means a good reason, a wrong reason, or no reason.
 "(2) Alabama has followed the general rule which is that in a contract of employment `at will,' the contract means what it says, that it is at the will of either party. The employee can quit at will; the employer can terminate at will. Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939). This is true whether the discharge by the employer was malicious or done for other improper reasons. Comerford v. International Harvester Co., 235 Ala. 376, 178 So. 894 (1938). This has been the Alabama law since the early years of this century. See Tennessee Coal, Iron and R. Co. v. Kelly, 163 Ala. 348, 50 So. 1008 (1909), where this Court held:
 `. . . If one does an act which is legal in itself and violates no right of another, the fact that this rightful act is done from bad motives or with bad intent toward the person so injured thereby does not give the latter a right of action against the former.'"
Hinrichs v. Tranquilaire Hospital, supra, at 1131.
The plaintiff also contends that his breach of contract claims should not have been rejected on summary judgment. He claims that the workmen's compensation law is an implied part of a contract of employment at will, and that all such contracts therefore contain an implied right of the employee not to be terminated for asserting his statutory claims to workmen's compensation benefits.
We find no merit in this contention. Though contracts for employment at will are presumed to be made "with reference to and subject to the provisions of" the workmen's compensation law, section 25-5-54, Code of Alabama 1975, this does not mean that the employer's right to terminate employees at will has been restricted. The workmen's compensation law requires that the plaintiff, an employee at will, be compensated for his injuries sustained during his employment. The defendants claim that the plaintiff was so compensated, and this satisfies whatever implied contractual duty the defendants owed to the plaintiff in regard to the workmen's compensation law. *Page 710 
We further note that, although the amended complaint alleged malicious procurement of Martin's discharge, defendant D.L. Tapley was president of the defendant corporation and therefore acted for and on behalf of that corporation when he advised Martin that his services were no longer needed.
Defendant's motion for summary judgment was properly granted in this case.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER, ALMON and BEATTY, JJ., concur.
JONES, SHORES and EMBRY, JJ., concur in the result.