George B. Bierley, Jr. brought an action to obtain pension benefits. The trial court granted defendant's motion for summary judgment. We affirm.
In September of 1941 Bierley entered the employ of the defendant American Cast Iron Pipe Company (ACIPCO). As an employee of ACIPCO he would be eligible for pension benefits if certain criteria are met. These benefits were paid from the Eagan Plan, a trust set up by John J. Eagan, for the benefit primarily of employees and their families.
The Eagan Plan used actuarial methods to determine the amount which must be contributed to it to pay promised benefits. A basic assumption used by the actuary is that not all employees will qualify for a pension and those not qualifying will not receive a pension.
Bierley was discharged by ACIPCO on October 4, 1971, after thirty years of continuous employment. The reason for his termination was that he had attacked and killed a fellow employee. This conduct violated ACIPCO Plant Rule number three, which specified that he must be discharged.
When Mr. Bierley attained the age of sixty on May 20, 1976, he applied for an early retirement pension. ACIPCO denied his pension claim. He then brought suit alleging that:
 (1) ACIPCO breached its pension rules by refusing to pay him his pension and *Page 1343 
this denial was both arbitrary and capricious;
 (2) he is entitled, under quantum meruit, to pension benefits due to his lengthy service for the Company;
 (3) ACIPCO misrepresented to him, both orally and in written form, the terms of the pension;
 (4) he was wrongfully discharged from employment with the Company;
 (5) ACIPCO breached its duty to administer the plan under the "Golden Rule."
The Pension Rules of ACIPCO allow early retirement at age sixty. The provision reads:
SPECIAL PENSIONS
 16. Any regular full-time employee who has been in the continuous service of the American Cast Iron Pipe Company twenty (20) years or more and has reached the age of sixty (60) years may be retired and pensioned either at the employee's own request or at the request of the Board of Directors, subject to the approval of the Pension Board.
Bierley fails to comply with the language of this provision. To qualify for an early pension, he must have been in the employ of ACIPCO at the time he became sixty years of age. As in Avondale Mills v. Saddler, 292 Ala. 134, 290 So.2d 173
(1974), this Court will not rewrite the provisions of a pension plan. The rights of the beneficiaries must be determined from the provisions of the retirement plan itself.
Bierley also asserts that he is entitled to benefits from the pension plan because of the Company's contribution to the plan during the period of his employment. He states that the contributions were, in effect, deferred compensation to which he has a vested interest.
For an employee to have a vested interest in this trust he must meet the requirements of the trust. Avondale Mills v.Saddler, 292 Ala. 134, 137, 290 So.2d 173, 176 (1974). Bierley did not meet the requirements of the trust provisions and, consequently, he had no vested interest. Age requirements, when used in accordance with an actuarially based pension plan have been specifically upheld by this Court. Staub v. Alabama PowerCo., 350 So.2d 386 (Ala. 1977).
Bierley's next argument is that ACIPCO misrepresented the conditions of retirement to him, both orally and in writing, thereby breaching his contract of employment.
Bierley only alleged that oral misrepresentations were made. He never stated who made them. We find that mere allegations that misrepresentations have been made are insufficient in this instance to establish a dispute of material fact. Mims v.Louisville Title Ins. Co., 358 So.2d 1028 (Ala. 1978); Donaldv. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92
(1976).
The alleged written misrepresentations are contained in employee manuals. In comparing the language found in the manuals, concerning pension requirements, with the language in the pension rules, we find it to be so similar that it will not support a cause of action based on misrepresentation.
Bierley has failed to state a cause of action on his claim of wrongful discharge. A contract for services, which does not specify duration, is construed to be terminable at will.Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130 (Ala. 1977);Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939).
We now come to the question of whether ACIPCO has violated the "Golden Rule" in the context of the pension plan.
The Last Will and Testament of John H. Eagan, which established the Eagan Trust, concludes by stating that the object of the *Page 1344 
trust is to insure service to the public and to labor on the basis of the "Golden Rule." However, it also states that any employee leaving the Company for any reason ceases to have an interest in the trust.
The fact that administration of the trust is to be according to the "Golden Rule" does not require that the rules and regulations of the pension plan be held invalid. Since there is no ambiguity in the terms of the pension plan it is for the court to determine the meaning of the plan and no jury question is presented. Hoover, Inc. v. McCullough Industries, Inc.,380 F.2d 798 (5th Cir. 1967).
Bierley has failed to show a genuine issue as to any material fact. Therefore, the trial court's entry of summary judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.