Newby, police chief of Andalusia, Alabama, filed a $500,000 damage suit against the City and members of the City Council, alleging that he was wrongfully discharged. Motion to dismiss for failure to state a claim was granted by the trial court.
Additionally, Newby filed a petition for a writ of certiorari in the Circuit Court of Covington County seeking a review, and reversal of the City Council's decision discharging him as police chief. On motion, the petition was dismissed. Finally, Newby filed a petition for writ of certiorari to this Court seeking a review of the Circuit Court's order. We affirm the order of dismissal, and deny the petition for certiorari, treated as filed as an alternative.
After a hearing before the Council, Newby was discharged from his office of police chief for reasons of misconduct and inefficiency. The basis for this is stated in the following memorandum submitted to the Mayor and City Council by a member of the Police Committee:
"June 6, 1978
"TO: MAYOR AND CITY COUNCIL
"SUBJECT: POLICE DEPARTMENT INVESTIGATION
 "On May 19, 1978, the Police Committee was requested by the City Council to investigate comments written to the Mayor and Council by Roland Carter, Personnel Director. This committee's investigation has revealed the following:
 "1. According to interviews with various personnel of the department there is complete dissension, lack of communication, poor supervision, harassment, and discrimination shown by the Chief.
 "2. According to interviews with private citizens, the Chief has been uncooperative, has poor supervision over his department, and inadequately trained men.
 "3. According to interviews with other local law enforcement agencies, there is complete lack of cooperation with their departments.
 "4. The audit of the police fund has been prolonged due to the fact of the Chief destroying most of the records.
 "5. The evidence of the turn-over of personnel in this department in a four year period, the reversed decision of the Council in the Ellis and Williamson case, and the police walk-out are evidence of discrimination, harassment, and incompetency, which I have witnessed myself.
 "It is therefore my recommendation that Chief Newby be dismissed as the Police Department Head immediately with a hearing date to be held, on June 8, 1978, at 8:00 p.m., if he so desires.
"Joanne Boswell
"Committee Member
Police Department"
Newby, a non-merit system employee, did not have a property right in the position of Police Chief. Cf. Simpson v. VanRyzin, 289 Ala. 22, 265 So.2d 569 (1972). His position was terminable at the will of the Council. As a terminable at will employee, his employment could be terminated with or without just cause or excuse by the Council. He is not in any better position than an employee in the private sector. This Court held in Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130 (Ala. 1977), and more recently in Bender Ship Repair, Inc. v. Stevens
[MS. November 2, 1979] (Ala. 1979), that a terminable at will employee may be discharged with or without any justification or excuse.
The order of dismissal is affirmed, and the petition for certiorari is denied.
ORDER AFFIRMED. WRIT DENIED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.
[EDITORS' NOTE: PAGES 1376-1381 CONTAINED DECISIONS OF THE SUPREME COURT OF ALABAMA WITHOUT PUBLISHED OPINIONS.] *Page 1382