ON APPLICATION FOR REHEARING
The original opinion in this case is withdrawn and the following opinion is substituted in its place.
This is an appeal from an interlocutory order permitted by this Court pursuant to Rule 5, ARAP. The circuit court order denying Bender's motion for judgment on the pleadings is reversed.
While employed by Bender under an employment contract terminable at will by either employer or employee, Stevens served on the Mobile County Grand Jury May 8, 9, 10 and 12. On May 11, during a break of jury service, Stevens contends by affidavit that he was fired, for service on the grand jury. Bender's evidence affidavits reflect that it terminated Stevens' employment on May 31, because he did not report to work after grand jury service.
Stevens sued Bender, alleging breach of employment contract by firing him for serving on the grand jury. Bender's motions to dismiss, for summary judgment, and for judgment on the pleadings were denied. The trial court certified the appealability of the denial of the motion for judgment on the pleadings. This Court granted permission to appeal.
Even though there is a conflict in the reason for termination, the crux of the case is whether an employer may terminate the employment under a terminable at will contract for any reason.
Under the decisions of this Court, an employment contract terminable at the will of either the employer or the employee, may be terminated by either of them with or without cause or justification. Hinrichs v. Tranquilaire Hospital,352 So.2d 1130 (Ala. 1977); Martin v. Tapley, 360 So.2d 708 (Ala. 1978). The provisions of Code 1975, § 12-16-8, protecting an employee from loss of his usual compensation while serving on a grand jury, do not alter this rule.
REVERSED AND REMANDED, OPINION SUBSTITUTED FOR ORIGINAL OPINION, AND APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.