This is an appeal from a judgment of the circuit court dismissing Henrietta Tripp's bill for declaratory judgment against the Jefferson County Board of Education. We affirm.
Henrietta Tripp was employed by the Jefferson County Board of Education on December 28, 1973, as a non-tenured clerk-typist, pursuant to an oral agreement. She was informed by Mr. Pugh, the Director of Employee Relations, Jefferson County Board of Education, by letter dated September 19, 1978, that because of budgetary cutbacks the position was being terminated. He offered to help her find other work within the organization. In fact, three days later, Tripp was offered a comparable job having the same income, and the same responsibilities. On September 27, she was advised that she must indicate to the Board whether she would accept the job by September 28. She ignored the offer, and the Board filled the position by hiring another *Page 34 
person. On September 29, Tripp, through her lawyer, informed the Board that she had decided to accept the position. When informed that it had been filled, she brought suit alleging that she had been wrongfully fired.
Tripp contends that her oral contract and the laws of Alabama created a property right which was unlawfully taken from her. We disagree. She was an employee whose duties could be terminated at will. Hence, she could have no property interest in continued employment. But, be that as it may, Tripp's "lay-off" did not result from anything that she ought to have done, or anything that she ought not to have done. It resulted from lack of funds. Here, the Superintendent, in the best interest of the school system recommended that the position of clerk-typist should be abolished because of budget cuts. This action, as well as the action to terminate the position held by Tripp, was approved on recommendation by the Superintendent to the Board. Thus, we can find no violation of § 16-8-23 and §16-9-23, Code 1975. Cf. Hembree v. Jefferson County Board ofEducation, 337 So.2d 9 (Ala.Civ.App. 1976).
From the record, it appears that the Board did everything within its power to continue Tripp's employment,[1] by transferring her, yet she refused its aid until it was too late. Her not having employment with the Board results from her own inaction at the time of the Board's offer to transfer. She cannot complain that she was wrongfully dismissed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] The letter to Tripp read as follows:
Dear Mrs. Tripp:
As I mentioned in my letter to you dated September 19, 1978, there has been a budget cutback in the Textbooks Department. On that date I informed you with regret that your last day on the payroll would be September 30, 1978.
It has been our intent to find another position for you within the school system. On September 22, 1978, you were offered a position in the Guidance Department with no loss in pay or benefits. On September 25, 1978, you declined to accept the position. As I said to you in our telephone discussion yesterday, I am hopeful you will reconsider the position offered. Unfortunately, we cannot hold this position for you indefinitely because other employees similarly situated must be placed in new positions. Furthermore, the testing of students in the system cannot be delayed without affecting educational services.
I urge you to reconsider your decision not to accept the job offered. I must have a decision by September 28, 1978.