This appeal by Mary Ann Davis is from summary judgments entered in behalf of Bob Marshall and Mann's Bait Co., Inc., dismissing her action against them. We reverse
Mary Ann Davis filed her action in the Circuit Court of Coffee County, Alabama, Elba Division, by a complaint containing four counts. Each of the defendants filed their motions for change of venue from the Coffee Circuit Court to the Circuit Court of Barbour County, Alabama, Eufaula Division, on the bases that Marshall was not a resident of Coffee County and that Mann's Bait was an Alabama Corporation which did not do any business, and had not done any business during the times pertinent to this case, in Coffee County, Alabama. The motions for change of venue were granted and the case transferred to the Barbour Circuit Court. At the time, Davis did not contend that error was committed by the Coffee trial court with regard to these rulings. After the case was transferred Davis attempted to amend the complaint by adding a count for work and labor done from 1 March through 7 March 1979, together with a motion to reconsider the motion for change of venue. The latter motions were filed in the Circuit Court of Coffee County. Davis did not seek any appellate review of the action of the Coffee Circuit Court regarding change of venue, and has not to this date, other than to complain of it in this appeal from the judgments entered by the Barbour Circuit Court
The disposition of a motion for change of venue may not be reviewed by appeal. NYTCO Services, Inc. v. Wilson,351 So.2d 875, 882 (Ala. 1977). This being the case, and Davis not having sought review by *Page 644 
petition for the writ of mandamus, there is no error to be predicated upon the ruling of the trial court with regard to the motions for change of venue
From some date in 1972 through March 1979 Mary Davis poured lead on fish hooks at her home in Coffee County on a piecework basis for Mann's who furnished her the materials that went into the creation of what was apparently a component of, or a fishing lure. The materials used by her were furnished by Mann's and procured from Mann's facility in Barbour County at Eufaula by her father-in-law who took them to Mary Davis at her home in Coffee County. At some period during 1979 the method of paying Davis was changed and she was placed upon a computerized hourly rate payroll and required to keep a time card upon which she would enter the number of hours worked. She was instructed by Marshall, an agent of Mann's, to only enter hours not exceeding 40, whether she may have worked more than that number of hours or not. From that time forward, she began sending her time cards to Mann's. She was paid for all hours she claimed on these cards
In light of Davis's several admissions, reflected in her deposition upon which the motions for summary judgment were partially submitted, that Mann's owed her nothing for any work and labor done and the resultant conclusion that her action remains one for wrongful discharge, fraud, etc., we need not address the question of whether a petition for writ of mandamus to the Coffee trial court to withdraw the order transferring the case from Coffee to Barbour County should have been filed Because it is clear that the claim for work and labor done is, by her own admissions, without merit, writing about the proper method of reviewing the change of venue rulings would serve no useful purpose
Whatever the relationship between Mann's and Davis may have been, it is undisputed there was no written contract defining or stating the terms governing the work done by her for Mann's When her arrangement with Mann's was terminated, in March 1979, she applied for unemployment compensation benefits but they were denied by the Appeals Referee, and by the Appeals Board, of the Alabama Department of Industrial Relations. It is claimed by Mann's that deductions from checks issued in payment for her services were made as though for unemployment compensation contributions, when as a matter of fact these were added to her Alabama Income Tax withholdings and paid to the State. Mann's further contends that because she annually received income tax refunds she must necessarily have been reimbursed for the deducted unemployment compensation contributions. This cannot be assumed; even if true, it is no answer to her claims for relief. Furthermore the record contains no proof this was the case
The theories upon which Davis contends she is entitled to recover from Mann's, although not clearly articulated in her complaint, seem to be:
I. That she was wrongfully discharged and as a result she was caused to apply for unemployment compensation benefits which were denied her because of Mann's failure to pay its and her contributions to the State
II. That Mann's falsely and fraudulently represented to her that a deduction from her weekly gross wages was being paid the State in order that she be provided the protection afforded under the unemployment benefits insurance laws of Alabama
III. That Mann's breached an agreement, embodied in its Employee Handbook, to pay Davis for holidays, vacations, and overtime
IV. That Mann's and Marshall defamed her by charging her with commission of an indictable offense under the laws of Alabama
V. That Mann's owed her for work and labor done for it
The latter claim we have already disposed of in this opinion when dealing with the matter of rulings on the motions for change of venue. Let us now examine the other claims within the context of the *Page 645 
law respecting summary judgment. With respect to I. above, it must be observed that the record does not show that a contract of employment existed between Mann's and Davis which would prevent her discharge at the option of Mann's without cause. If we assume she was truly an employee rather than an independent contractor, then it could be only an employment at will subject to termination without cause. United Steelworkers of America,AFL-CIO v. University of Alabama, 599 F.2d 56 (5th Cir. 1979)
Regarding IV. above, even under the overly broad nonrequirements of Rule 8, ARCP, Davis's claim in count IV of her complaint is insufficient to state a cause of action
As to II. and III. above, it is possible there could be ascintilla of proof of a conceivable set of facts that might create genuine issues of material facts permitting recovery under a cognizable theory or theories of law.[1]
I think there could be disputed material issues of fact concerning violation of Davis's rights arising from withholding of unemployment compensation insurance contributions from her compensation for services rendered and failing to cause her to come under the umbrella of protection provided by the laws regarding unemployment compensation benefits
The judgment below is due to be and is hereby reversed and this action remanded for further proceedings consistent with this opinion
REVERSED AND REMANDED
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur
[1] The views of the author of this opinion regarding the scintilla rule were expressed in a special concurring opinion in Harville v. Goza, 393 So.2d 988, 989 (Ala. 1981). It is not a sound rule of evidence, if that is what it is, nor is it a workable and practicable one; nevertheless, it is the rule that obtains in Alabama. See Rule 50, ARCP.