This appeal[1] comes to us from the Circuit Court for Jefferson County. Peter Meredith, Esq. (plaintiff), sued Pollution Control Walther, Inc., and other defendants, alleging that he was wrongfully discharged from his job. Plaintiff's job status was that of an employee at will. The trial court dismissed plaintiff's action as to all defendants. Plaintiff appealed and asks that we recognize a cause of action for the wrongful discharge of an employee at will.
One issue is dispositive of this appeal:
1. Does the complaint state a cause of action for wrongful discharge of an employee at will, and should this court recognize such a cause of action?
We answer in the negative, and we affirm the judgment of the trial court.
For the purpose of this appeal, the facts are as alleged in the complaint. Plaintiff had been an employee of Pollution Control Walther, Inc., since December 3, 1973. He first worked as a personnel director, and then as an in-house attorney. Plaintiff and other salaried employees participated in an employee incentive program for which a trust had been established. Defendants C.E. Walther, Inc., and Combustion *Page 762 
Engineering, Inc., purchased Pollution Control Walther, Inc., on April 19, 1977. Plaintiff continued to work for the new owners. A dispute arose over the trust assets. Apparently, other employees commenced an action in 1978 against defendants, alleging they illegally took the trust assets.[2] In the summer of 1978, plaintiff testified in deposition about the trust. Later, he became a plaintiff in that lawsuit. Because of his testimony, and his becoming a party to the litigation, the new owners decided to terminate plaintiff's employment. However, they did not inform him of their decision until mid-September 1979. Plaintiff's employment was terminated October 1, 1979.
Plaintiff alleges, in count one of his complaint, that defendants had a duty to disclose their decision to terminate his employment. He asserts that he was a loyal employee who had developed a strong relationship of trust with defendants. He further alleges that he was led to believe his employment would be reasonably continuous and he cites the disparity in bargaining power between defendants and himself. He categorizes defendants' failure to inform him earlier of their decision eventually to terminate his employment as fraudulent. Plaintiff claims compensatory and punitive damages in the amount of $500,000.00, on the basis that defendants' alleged fraudulent concealment caused him to experience a longer period of unemployment due to the fact he had to begin looking for work at a difficult time for the legal profession.
In Howard v. East Tenn., Va. Ga. Railroad Co., 91 Ala. 268
at 270, 8 So. 868 at 869 (1891), this court stated "unless some time is fixed during which the employment is to continue, either party may terminate the contract at will." The validity of this rule was reaffirmed, more recently, in Hinrichs v.Tranquilaire Hospital, 352 So.2d 1130 (Ala. 1977). Subsequently, the rule has been applied, and has withstood attack.[3] Davis v.Marshall, 404 So.2d 642 (Ala. 1981); Tripp v. Hall,395 So.2d 33 (Ala. 1981); Carver v. Metrobank, 386 So.2d 737 (Ala. 1980);Bender Ship Repair, Inc. v. Stevens, 379 So.2d 594 (Ala. 1980);Newby v. City of Andalusia, 376 So.2d 1374 (Ala. 1979); Bierleyv. American Cast Iron Pipe Company, 374 So.2d 1341 (Ala. 1979);Martin v. Tapley, 360 So.2d 708 (Ala. 1978).
Plaintiff asks this court to abandon the employment at will rule and to recognize a cause of action affording a remedy for wrongful discharge of those who are employed for an unspecified period of time. Plaintiff advances legitimate reasons in support of his request. The rule has been applied to obtain harsh and inequitable results.[4] Plaintiff alludes to the fact that the rule is inconsistent with contemporary standards and expectations. He cites the fact that the rule was adopted in American jurisdictions based on the erroneous conclusion of H.G. Wood's A Treatise on the Law of Master and Servant (1877). The employment at will rule is a product of 19th century philosophy and social conditions. Note, Protecting at WillEmployees Against Wrongful Discharge: The Duty to TerminateOnly in Good Faith, 93 Harv.L.Rev. 1816 (1980). Previously, this court recognized the questionable conclusion of Wood's work. Peacock v. Virginia-Carolina Chemical Co., 221 Ala. 680,130 So. 411 (1930). The issue is of no small importance. An estimated 60 to 65% of American employees have the status of employees at will. 93 Harv.L.Rev. 1816, n. 2. Nevertheless, for reasons discussed below, we find it unnecessary to review the rule. *Page 763 
Plaintiff cites two lead cases in support of his argument. The first is Monge v. Beebe Rubber Company, 114 N.H. 130,316 A.2d 549 (1974). There, an employee at will alleged she was harassed, and ultimately discharged, because she failed to accept her foreman's romantic advances. The New Hampshire Supreme Court recognized that a bad faith termination of the employment of an employee at will can give rise to a cause of action. Although ordering a remittitur, it upheld the jury's finding in favor of the plaintiff, and in so doing, it modified the employment at will rule. The second case cited by plaintiff is Peterman v. International Brotherhood of Teamsters,174 Cal.App.2d 184, 344 P.2d 25 (1959). In Peterman, the employment at will rule in California was modified to recognize a cause of action for an employee who was discharged because he refused to commit perjury before a legislative committee.
It has been remarked that a "coherent or complete doctrinal basis" for modification of the employment at will rule has not been articulated. 93 Harv.L.Rev. at 1817. Nevertheless, the two cases cited by plaintiff seem to find their doctrinal origins in the dictates of public policy as perceived by the New Hampshire and California courts. Monge, 114 N.H. at 133,316 A.2d at 551; Peterman, 174 Cal.App.2d at 188, 344 P.2d at 27. Noting that doctrinal basis, we observe that a review of the complaint convinces us that plaintiff cannot come within the very theory he asks us to consider. We can understand how the New Hampshire and California courts perceived a need to provide a remedy in the iniquitous fact situations before them. We would be unable to perceive, under plaintiff's theory, a similar need in the case before us. Although plaintiff alleges that defendants fired him because he testified truthfully, and became a party to the lawsuit, nowhere does he allege that defendants asked him to commit perjury, violate a disciplinary rule to which he was subject as an attorney, or commit some similar transgression. Plaintiff's allegations merely show that he was a party in an action with other salaried employees against defendants, and that his employment was terminated because of his involvement in that action. Even in California, where the employment at will rule has been modified, it is recognized that, absent other considerations, an employee at will who sues his employer can be discharged. Beckett v.Welton, 39 Cal.App.3d 815, 114 Cal.Rptr. 531 (1974). Other jurisdictions which have modified the employment at will rule have done so under fact situations far more compelling than plaintiff's. Harless v. First National in Fairmont,246 S.E.2d 270 (W.Va. 1978) (bank employee fired in retaliation for his efforts to make bank comply with state and federal consumer credit protection laws); O'Sullivan v. Mallon, 160 N.J. Super. 416, 390 A.2d 149 (1978) (employee X-ray technician fired for refusing to perform catheterizations which could be legally performed only by nurse or physician); Nees v. Hocks, 272 Or. 210, 536 P.2d 512 (1975) (employee dismissed because of jury duty service[5]); Frampton v. Central Indiana Gas Company,260 Ind. 249, 297 N.E.2d 425 (1973) (retaliatory dismissal of employee for her filing a workmen's compensation claim). We find plaintiff's facts inapplicable to the theory he argues. Accordingly, we find no merit to his argument. For the same reasons we find no need to reverse and remand to allow him to develop facts to support his theory and allegations.
Our holding allows us to pretermit discussion of the other issues raised by the parties. For all of the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] This case previously was before us in Meredith v. C.E.Walther, Inc., 406 So.2d 401 (Ala. 1981). That appeal was dismissed on our own motion because the trial court adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties. . . ." Rule 54 (b), Alabama Rules of Civil Procedure. After our dismissal the trial court entered a final judgment under Rule 54 (b). The case is now properly before us.
[2] We note that the employees' litigation over the trust fund came before this court in Pollution Control-Walther, Inc. C.E. Walther, Inc. v. Belzer, 406 So.2d 372 (Ala. 1981).
[3] For a history of the employment at will rule in Alabama see: Note, The Employment at Will Rule, 31 Ala.L.Rev. 421 at 446-56 (1980).
[4] Perhaps the most unconscionable result sanctioned by this court in applying the rule occurred in Comerford v.International Harvester Co., 235 Ala. 376, 178 So. 894 (1938). There, the employer's assistant manager tried unsuccessfully to alienate the affections of plaintiff's wife. Out of revenge, the assistant manager caused plaintiff's dismissal. This court declined to find an actionable wrong arising out of the employer's dismissal of plaintiff.
[5] Since this court's decision in Bender Ship Repair, Inc. v.Stevens, 379 So.2d 594 (Ala. 1980), holding that an employee at will could be discharged for service on a jury, the law has been changed to prohibit such discharges. Code 1975, §12-16-8.1 (Supp. 1981). *Page 764