Plaintiff in this case claimed that his discharge was a breach of an implied employment contract. Following a grant of summary judgment in favor of defendants, plaintiff appeals. We affirm.
The only question presented to this court is whether summary judgment was properly granted in this case.
Plaintiff, Reed White, was a foreman at Elastic Corporation of America in Columbiana, Alabama, from August 1975 until his termination on or about March 25, 1981. Mr. White filed a complaint in the Circuit Court of Shelby County against defendants, Chelsea Industries, Inc.; Elastic Corporation of America, Chelsea's subsidiary doing business in Alabama; Edgar Gaskins, a supervisor employed by Elastic Corporation; and others. Plaintiff sought to be restored to his former employment and to recover lost wages and damages. The complaint alleged an implied employment contract based on an employee handbook distributed to plaintiff by the company. It further alleged this contract was breached when plaintiff was discharged without fair and sufficient cause. A motion for summary judgment supported by an affidavit was filed on behalf of the defendants. The motion was opposed by the plaintiff, but was granted by the trial court. This appeal followed.
Relying on the employee handbook, plaintiff alleges that an implied contract existed between himself and the company and that his employment was not terminable at will. A copy of the handbook was supplied to us with the record on appeal. After reviewing the handbook, we conclude that it does not create a binding employment agreement and that Mr. White's employment relationship with the company was terminable at the will of either party. Courts faced with claims similar to that in the instant case in which employees contended that a handbook rose to the level of a contract of employment support our conclusion and have held that the handbook does not vary the general common law rule that an employee is terminable at will. Seee.g. Johnson v. National Beef Packing Co., 220 Kan. 52,551 P.2d 779, 781 (1976); Chin v. American Telephone TelegraphCo., 96 Misc.2d 1070, 410 N.Y.S.2d 737 (1978). *Page 1091 
In the present case there is no agreement specifying a definite duration of employment services or limiting defendants' legal right to terminate such employment; thus there exists an employment at will. This court in Hinrichs v.Tranquilaire Hospital, 352 So.2d 1130, 1131 (Ala. 1977), summarized a principle which is well established in Alabama:
 "(1) The general rule is that an employment contract at will may be terminated by either party with or without cause or justification. 56 C.J.S. Master and Servant § 31; and 62 A.L.R.3d 271. This means a good reason, a wrong reason, or no reason.
 "(2) Alabama has followed the general rule which is that in a contract of employment "at will," the contract means what it says, that it is at the will of either party. The employee can quit at will; the employer can terminate at will. Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939). This is true whether the discharge by the employer was malicious or done for other improper reasons. Comerford v. International Harvester Co., 235 Ala. 376, 178 So. 894 (1938). . . ."
The defendants in this case have met the burden of establishing that there exists no genuine issue of fact. Accordingly, the motion for summary judgment was properly granted.
AFFIRMED.
TORBERT, C.J., and MADDOX, J., concur.
JONES and SHORES, JJ., concur in the result.