This is an appeal by Christopher A. Kitsos from a directed verdict granted in favor of defendant, Mobile Gas Service Corporation (MGS). This case was tried on the question of whether the person who Kitsos claimed offered him a contract of "lifetime employment" was authorized to so act. The Court determined that he was not and directed a verdict for the defendant. This appeal concerns only an attempt by Kitsos to have this Court abandon the rule that oral contracts of employment are terminable at the will of either party. *Page 1151 
Briefly, the facts are as follows: Kitsos began his employment with MGS in October, 1959, and worked for nearly eighteen years as a territorial salesman for the corporation. During his eighteen years with MGS, Kitsos considered moving to Atlanta Gas and Light Company. However, according to Kitsos, he remained with MGS due to certain representations made to him by MGS such as promotions, money, and job security.
Kitsos was terminated by MGS in 1977 for being at the golf course in violation of a previous directive. Kitsos received three written reprimands in a relatively short period prior to his termination.
On April 13, 1978, Kitsos filed a complaint against MGS alleging wrongful termination of employment. MGS's answer asserted the general issue, the Statute of Frauds and lack of mutuality. In an earlier opinion, Kitsos v. Mobile Gas ServiceCorporation, 404 So.2d 40 (1981), this Court reversed the trial court's granting of the defendant's motion for summary judgment. We held that the permanent or lifetime employment contract of Kitsos with Mobile Gas Service Corporation was capable of being performed in less than one year, and it was thus not made void by the Statute of Frauds. This case now comes to us on the trial court's granting of MGS's oral motion for directed verdict. We affirm.
The narrow issue presented by Kitsos in this appeal is whether this Court will abandon the employment at will doctrine. Whether the agent of MGS had authority to enter into a permanent contract was neither raised nor presented as an issue on appeal in this case.
This Court in considering the employment at will doctrine has consistently held that an employment contract at will may be terminated by either party with or without cause or justification. Bates v. Jim Walter Resources, Inc.,418 So.2d 903 (Ala. 1982); Davis v. Marshall, 404 So.2d 642 (1981);Bender Ship Repair, Inc. v. Stevens, 379 So.2d 594 (1980);Martin v. Tapley, 360 So.2d 708 (1978), and Hinrichs v.Tranquilaire Hosp., 352 So.2d 1130 (1977). We find no reason to change this principle today.
Even though Kitsos presents a commendable argument for abandoning the employment at will doctrine, that was not the issue on which this case was tried. The trial judge's order was obviously based on the agent's lack of authority to enter into a permanent contract of employment with Kitsos. Yet, Kitsos did not present that issue for us to address. Our only alternative is to affirm the trial judge.
AFFIRMED.
JONES, ALMON, SHORES and EMBRY, JJ., concur.