BEATTY, Justice
(dissenting):
The majority’s decision represents the beginning of the end for the contract at will. The result here is a curious one. The majority recognizes that an employee hired under a contract at will may be terminated by the employer for any reason. It then proceeds to conclude that somehow a malicious prosecution form of action against the employer imposes a legal responsibility on that employer to pay the “lost wages” to the discharged employee. In other words, the form of action selected somehow allows the employee at will to recover wages which the employee clearly could not have earned simply because he had been discharged by an employer who had the legal right to terminate his employment for any reason.
Until this decision, under a contract at will an employer could discharge an employee for any reason, even a malicious reason. Bender Ship Repair, Inc. v. Stevens, 379 So.2d 594 (Ala.1980); Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130 (Ala.1977); Comerford v. International Harvester Co., 235 Ala. 376, 178 So. 894 (1938). That is to say, the employer had the absolute and unequivocal legal right to terminate his obligation to pay wages to that employee. Thereafter, the employer did not owe the employee any wages and, so, no “lost wages” could accrue. And, of course, none could be recovered by an employee who alleged that the employer had maliciously discharged him. There being no “lost wages” to be collected, it follows that none could be made an element of damages in any lawsuit.
The special concurrence attempts to modify the thrust of the majority’s opinion by introducing an element of “proximate cause” so that after the employer “proximately caused” the discharge, he could be required to pay lost wages. This position is as ludicrous as that of the majority. The employer of an employee at will, having exercised his perfectly legal option to stop any commitment for future wages, cannot be required to pay “lost wages” which could never have existed. But, since the majority would require the employer to pay such wages, the majority has simply rewritten the contract for the parties, the consequences being that the contract for employment at will becomes a contract for an employment at term during which fictitious “lost wages” have accrued.
*797 From this, it follows that the contract at will doctrine has, to a serious extent, been abrogated.
MADDOX and ALMON, JJ., concur.