Plaintiff Mary Johnson sued her former employers, Paul and Mitsuko Gary, d/b/a B N Steakhouse, alleging that she was wrongfully discharged from her job. It is undisputed that plaintiff's job status was that of an employee at will. The trial court dismissed plaintiff's action, ruling that her complaint failed to state a claim upon which relief could be granted. Although it was referred to as a judgment of dismissal, it was, as to the last two claims, more properly a summary judgment, since the trial court had before it, in addition to the pleadings, the uncontroverted statement by the Alabama Unemployment Agency as to why the plaintiff was not entitled to unemployment compensation. Johnson appeals. We affirm.
The complaint alleges that Johnson, a 58-year-old employee of defendants, injured her back and neck on October 10, 1982, when she fell at work. She sought and received workmen's compensation benefits as provided under Ala. Code 1975, §25-5-1, et seq. She was subsequently discharged from her employment at the restaurant.
In Count I of her complaint she alleges that she was discharged by the defendants in retaliation for having applied for workmen's compensation benefits. Counts II and III of the complaint allege tortious interference by the defendants with Johnson's efforts to receive unemployment compensation benefits following her discharge from the restaurant. *Page 926 
 "The general rule is that an employment contract at will may be terminated by either party with or without cause or justification. 56 C.J.S. Master and Servant § 31; and 62 A.L.R.3d 271. This means a good reason, a wrong reason, or no reason.
 "Alabama has followed the general rule which is that in a contract of employment `at will,' the contract means what it says, that it is at the will of either party. The employee can quit at will; the employer can terminate at will. Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939). This is true whether the discharge by the employer was malicious or done for other improper reasons. Comerford v. International Harvester Co., 235 Ala. 376, 178 So. 894 (1938). This has been the Alabama law since the early years of this century. See Tennessee Coal, Iron and R. Co. v. Kelly, 163 Ala. 348, 50 So. 1008 (1909), where this Court held:
 "`. . . If one does an act which is legal in itself and violates no right of another, the fact that this rightful act is done from bad motives or with bad intent toward the person so injured thereby does not give the latter a right of action against the former.'"
Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130, 1131 (Ala. 1977).
 "In Howard v. East Tenn., Va. Ga. Railroad Co., 91 Ala. 268 at 170, 8 So. 868 at 869 (1891), this court stated `unless some time is fixed during which the employment is to continue, either party may terminate the contract at will.' The validity of this rule was reaffirmed, more recently, in Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130 (Ala. 1977). Subsequently, the rule has been applied, and has withstood attack. Davis v. Marshall, 404 So.2d 642
(Ala. 1981); Tripp v. Hall, 395 So.2d 33 (Ala. 1981); Carver v. Metrobank, 386 So.2d 737 (Ala. 1980); Bender Ship Repair, Inc. v. Stevens, 379 So.2d 594
(Ala. 1980); Newby v. City of Andalusia, 376 So.2d 1374 (Ala. 1979); Bierley v. American Cast Iron Pipe Company, 374 So.2d 1341 (Ala. 1979); Martin v. Tapley, 360 So.2d 708 (Ala. 1978)."
Meredith v. C.E. Walther, Inc., 422 So.2d 761, 762 (Ala. 1982).
This case presents nothing to justify adoption of an exception to the long-standing rule of this jurisdiction.
The Alabama legislature has provided the exclusive remedy for determinations regarding unemployment compensation. Section25-4-96, Ala. Code 1975, provides:
 "The procedure provided in this article for the making of determinations with respect to claims for unemployment compensation benefits and for appealing from such determinations shall be exclusive."
Mrs. Johnson was initially denied unemployment compensation. She made use of the procedural and appellate remedies provided by the act and ultimately received benefits. She properly pursued the adequate remedy at law and won. Any possible hindrance to that process that her former employers may have raised was resolved within the remedy the law affords. Therefore, her allegations regarding tortious interference with her efforts to receive unemployment compensation are without merit.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 927