Appellant Constance R. Reich sued her former employer, Holiday Inn, and her former supervisor, H.P. Eisenmann, alleging that she was wrongfully discharged from her job. It is undisputed that appellant's job status was that of an employee at will. The trial court dismissed the action, holding that her complaint failed to state a claim upon which relief could be granted. We affirm.
The amended complaint alleges that Reich was a clerk at the Holiday Inn, Civic Center, in Birmingham, with the chief responsibility of auditing and paying those accounts that were due and owing. It also alleges that there existed a company policy or rule that forbade her from paying any invoices that were of a questionable nature. In June of 1983 she received several invoices that she determined were of a questionable nature and refused to pay them. She alleges that these invoices were from a dummy corporation set up by the defendants in order to defraud the stockholders of Holiday Inn, Inc., and the Internal Revenue Service.
Reich states in her amended complaint that she refused to pay the invoices out of fear that she would then become a party to the crime. Upon her failure to pay the invoices, she was fired.
The general rule in this state has been and still is that an employment contract at will may be terminated by either party, with or without cause or justification. We have held that this means a party may be discharged for a good reason, a wrong reason, or for no reason at all. Johnson v. Gary,443 So.2d 924, 926 (Ala. 1983); Hinrichs v. Tranquilaire Hospital,352 So.2d 1130, 1131 (Ala. 1977).
In Hinrichs we noted:
 "Alabama has followed the general rule which is that in a contract of employment `at will,' the contract means what it says, that it is at the will of either party. The employee can quit at will; the employer can terminate at will. Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939). This is true whether the discharge by the employer was malicious or done for other improper reasons. Comerford v. International *Page 983 Harvester Co., 235 Ala. 376, 178 So. 894 (1938). This has been the Alabama law since the early years of this century. See Tennessee Coal, Iron and R. Co. v. Kelly, 163 Ala. 348, 50 So. 1008 (1909), where this Court held:
 "`. . . If one does an act which is legal in itself and violates no right of another, the fact that this rightful act is done from bad motives or with bad intent toward the person so injured thereby does not give the latter a right of action against the former.'"
Hinrichs, supra, at 1131. See also, Meredith v. C.E. Walther,Inc., 422 So.2d 761, 762 (Ala. 1982).
This case presents nothing to justify the adoption of an exception to the longstanding and well-established rule of this jurisdiction.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES, EMBRY, and BEATTY, JJ., concur.
JONES and ADAMS, JJ., concur in the result.