This is a consolidated appeal by plaintiffs, Jeanne McCluskey and Dyrene Lockhart, from summary judgments entered in favor of Unicare Health Facility, Inc., d/b/a Engleside Nursing Center, and Frank Eckert.
The trial court entered an extensive summary order. After considering the record, the briefs, and the authorities, we find that the trial court's order effectively decided the issues, and we adopt that order as the opinion of this Court:
"ORDER
 "This matter is presently before this Court on the Motion for Summary Judgment heretofore filed in each of the above styled cases on behalf of Unicare Health Facilities, Inc., d/b/a Engleside Nursing Center, and Frank Eckert. Based upon the depositions of Jeanne McCluskey, Dyrene Lockhart and Frank Eckert; the Affidavit of Dyrene Lockhart; and upon the briefs and pleadings heretofore filed, this Court finds that the employment of Jeanne McCluskey and Dyrene Lockhart was terminable at will and that, therefore, the Motion for Summary Judgment filed in each case on behalf of the Defendants is due to be granted.
"Plaintiffs' contentions are:
 "1. That the Employee Handbook and the oral representations made regarding said Handbook to Jeanne McCluskey and Dyrene Lockhart at the time they were employed constituted a contract of employment between Plaintiffs and Unicare Health Facilities, Inc.
 "2. That Plaintiffs were wrongfully discharged thereunder; and,
 "3. Defendants' termination of Plaintiffs constitutes extreme and outrageous conduct intentionally or recklessly causing severe emotional distress. *Page 400 
 "The general common law rule is that an employee is terminable at will. The general rule in Alabama is that an employment contract at will may be terminated by either party with or without cause or justification. A party may be discharged for a good reason, a wrong reason, or for no reason at all. Reich v. Holiday Inn, 454 So.2d 982 (Ala. 1984); Johnson v. Gary, 443 So.2d 924 (Ala. 1983); Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130, 1131 (Ala. 1977).
"Plaintiffs rely upon the Employee Handbook and
 alleged representations regarding said Handbook in support of their argument that a contract existed between the Plaintiffs and Defendant Unicare Health Facilities, Inc., and that Plaintiffs' employment was not terminable at will. A careful review of the Handbook and representations in the record concerning the Handbook reveal that it does not create a binding employment agreement and that the Plaintiffs were in fact employees at will. Courts faced with claims similar to that in the instant case in which employees contended that a handbook rose to the level of a contract of employment have held that the handbook does not vary the general common law rules that an employee is terminable at will. White v. Chelsea Industries, Inc., 425 So.2d 1090 (Ala. 1983).
 "Plaintiffs rely upon the case of Peters v. Alabama Power Company, 440 So.2d 1028 (Ala. 1983). In that case, the plaintiff's claim was based upon fraud, breach of contract and intentional interference with a contractual relation. In response to a motion for summary judgment, Peters submitted an affidavit stating that he was told he could only be fired for cause. The court found that the affidavit raised a factual question as to whether he was hired under an oral contract whereby he could be discharged only for cause. The only written evidence of an employment contract between Peters and Alabama Power Company consisted of his employment application, a letter confirming his employment, and a `management procedure' from Alabama Power Company. The court found that none of these documents were inconsistent with Peters' allegations that he was told he could only be fired for cause. (Peters, page 1030.) The court held that if Peters could establish that he was hired under an oral contract whereby he could only be fired for cause, he might establish that the defendants [had] committed an actionable wrong. The Plaintiffs' reliance upon Peters v. Alabama Power Company is misplaced. This Court does not find that the instant cases fall within the confines of Peters v. Alabama Power Company. In the instant cases, there is no specific allegation that either Plaintiff was told that they could only be fired for cause. The depositions clearly show that these allegations are based upon mere assumptions by the Plaintiffs. Both employees admit that there was no agreement as to the duration of employment and that their period of employment was indefinite. (McCluskey deposition pg. 18-21; Lockhart deposition pg. 30.) Both employees admit receiving the Handbook and signing an acknowledgment to that effect. (McCluskey deposition pg. 48-51; Lockhart deposition pg. 26-28.) The Handbook clearly states on the inside cover as follows:
 "`This Handbook and the policies contained herein do not in any way constitute, and should not be construed as a contract of employment between the employer and the employee, or a promise of employment.'
 "Nowhere does the record affirmatively show that any person specifically told either employee that they could be terminated only for one of the reasons listed on page 14 of the Handbook. This was a mere assumption or supposition on their part. (Lockhart Affidavit; Lockhart deposition pg. 31, 63-65; McCluskey deposition pg. 52.) The record reveals that all representations made to the Plaintiffs concerning their employment make reference to the Employee Handbook and the Plaintiffs consider the Handbook to govern their relationship with their employer. *Page 401 
(Lockhart deposition pg. 29; McCluskey deposition pg. 19.) Page 14 of the Handbook clearly states that reasons for dismissal `include, but are not limited to the following:', indicating that an employee could be terminated for reasons other than the ones specifically listed. Both employees acknowledged that they received the Handbook and agreed to comply with it.
 "Based upon the foregoing, this Court finds that Jeanne McCluskey and Dyrene Lockhart were employees at will and thus could be terminated for any reason or for no reason at all. The fact that these Plaintiffs may have been offered the alternative of resigning or being discharged cannot, as a matter of law, be characterized as `so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' American Road Service Company v. Inmon, 394 So.2d 361, 368 (Ala. 1981).
 "It is, therefore, ORDERED, ADJUDGED and DECREED that the Motion for Summary Judgment heretofore filed in each of the above styled cases [is] due to be and the same [is] hereby granted."
The judgment must be, and it hereby is, affirmed.
AFFIRMED.
FAULKNER, ALMON, BEATTY, ADAMS and HOUSTON, JJ., concur.