BEATTY, Justice.
Appeal from summary judgments in favor of the defendants. We affirm.
The controlling issue involves the legal principles applicable to contracts for lifetime employment. Those principles have been extensively treated in Alabama Mills, Inc. v. Smith, 237 Ala. 296, 186 So. 699 (1939); see also Scott v. Lane, 409 So.2d 791 (Ala.1982), and National Union Life Ins. Co. v. Ingram, 275 Ala. 310, 154 So.2d 666 (1963).
Plaintiff was employed as an automobile salesman by Cobb-Kirkland Motor Company, a Cadillac automobile dealership organized and operated as a corporation. At the time plaintiff began his employment, and before, Pat Kirkland was the vice president and operating manager of the corporation. Kenneth Hicks was sales manager.
Before he entered into employment with Cobb-Kirkland Motor Company, plaintiff was employed by another automobile dealership. On several occasions he and Kenneth Hicks, then the sales manager of Cobb-Kirkland, discussed the possibility of plaintiffs coming to work with Cobb-Kirkland as a salesman. The only person plaintiff discussed the position with was Hicks. Ultimately plaintiff did leave his other position and begin working with Cobb-Kirkland. According to plaintiff, he would not have left his former employment unless his new position with Cobb-Kirkland was to be a permanent one, and his version of the contract he made with Hicks was that he was permanently employed. In fact, Hicks himself has testified that he assured plaintiff that it would be a permanent, as opposed to a temporary, job.
Sometime later Cobb-Kirkland terminated plaintiff, who then brought this action against Henry Cobb and Cobb-Kirkland to recover damages for breach of contract. A summary judgment was granted in favor of Henry Cobb, president of Cobb-Kirkland, and another summary judgment was granted later in favor of the remaining defendant.
When it granted summary judgment for the defendant company, the trial court had before it the pleadings and depositions of plaintiff, T.I. McCain, Henry Cobb, and Kenneth Hicks; two affidavits of Pat Kirkland; and the testimony of Hicks and Kirkland taken at the hearing on the motion for summary judgment.
In a case of this kind, the central issue is one of authority of the agent to bind the principal to a contract of permanent employment. The authorities on the issue have been extensively quoted in the Scott and Alabama Mills cases and thus they need not be reproduced here verbatim. It suffices to state that in the case of lifetime employment such an agent as this who seeks to bind his corporation must have actual authority to do so or his corporation must ratify the contract or be estopped to deny it. We are convinced that the trial court was correct in granting summary judgment for the defendant on account of an absence of actual authority, express or implied, ratification or estoppel.
Hicks himself deposed that Kirkland never gave him authority to hire anyone on a lifetime basis. Thus, there was no express authority in Hicks to make this contract. Did he have apparent authority to do so? Apparent authority is such authority as a principal knowingly permits an agent to assume or holds him out as possessing, and is based upon the principal’s conduct, not that of the agent. Johnson v. Shenandoah Life Ins. Co., 291 Ala. 389, 281 So.2d 636 (1973). The facts presented disclose the absence of apparent authority as well.
Those facts show that plaintiff Masters never discussed his employment contract with any corporate officer, but only with Kenneth Hicks, the sales manager. Yet, plaintiff knew that Kirkland, not Hicks, was in charge of the day-by-day *542 company management. Hicks himself affirmed that Kirkland never gave him authority to hire any person on a lifetime basis, and that he himself knew when he employed Masters that Kirkland could fire Masters any time he wanted to. Hicks conceded that he did not think Kirkland knew of his agreement with Masters and was not sure he had discussed it with Kirkland except to tell him that he had hired Masters. In fact, Hicks only employed one other salesman while he was employed by Cobb-Kirkland and in that instance he did not make any lifetime assurances to that person. He also stated that he did not recall discussing Masters’s contract with anyone else at the dealership, not with his immediate superior, the general manager, Tom Griffin, or with Kirkland, the vice president and overall operator, or with Henry Cobb, the president. Moreover, it was undisputed that none of these authorized Hicks to extend a lifetime contract to Masters, or to anyone else, and equally undisputed that neither Masters nor Hicks informed the company’s board of directors or its officers of that contract. Furthermore, it was undisputed that there is no custom in the automotive sales industry by which dealerships employ salesmen on a lifetime basis. Thus, under the authorities cited, there was no genuine issue of material fact, and the defendant was entitled to judgment as a matter of law.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.