This appeal is from a summary judgment for the defendant employer, Intergraph Corporation. The judgment was made final pursuant to Rule 54(b), A.R.Civ.P. The plaintiff employee, John C. Bailey, Jr., sued Intergraph for wrongful termination of employment. The only issue presented for our review is whether the trial court properly granted summary judgment to Intergraph on the ground that Bailey was an "employee at will." Other claims arising out of the employment relationship are still pending in the trial court.
 "If a contract for employment does not specify a duration and is indefinite, it is construed to be terminable at will. Wilson v. Vulcan Rivet Bolt Corp., 439 So.2d 65 (Ala. 1983). . . . It has been consistently held that employment-at-will contracts may be terminated by either party with or without cause or justification. See Kitsos v. Mobile Gas Service Corp., 431 So.2d 1150 (Ala. 1983), and cases cited therein. . . ."
Smith v. Reynolds Metals Co., 497 So.2d 93, 95 (Ala. 1986).
It is undisputed by the parties that Bailey did not have a written employment contract with Intergraph that specified the duration of his employment with the company. Bailey argues, however, that his acceptance of Intergraph's offer of employment, coupled with services performed, and the employee handbook that the company provided him, all add up to something more than an at-will contract of employment.
Bailey argues that Intergraph did not follow its stated procedures in terminating his employment. Bailey points to provisions within the employee handbook that state that the immediate supervisor of the employee must discuss with him the discipline notice and the availability of a "Problem Solving and Complaint Procedure." This disregards other handbook language that states that the conduct of which Bailey was accused would result in "immediate dismissal." Bailey produced no evidence that raises a factual dispute with respect to this "immediate dismissal" language.
Thus, the issue here presented falls squarely within the purview of White v. Chelsea Industries, Inc.,425 So.2d 1090 (Ala. 1983) (where the handbook language was held not to bind the employer to a contract of employment), and not within the purview of Hoffman-La Roche, Inc. v.Campbell, 512 So.2d 725 (Ala. 1987) (where the handbook language, materially different from that in White, was held to bind the employer to a contract of employment). Nor does the employee seek to invoke any *Page 22 
"public policy" exception to the general rule that "[c]ontracts without a fixed term are terminable at the will of either party and may be terminated for any cause or for no cause."Hickenbottom v. Preferred Risk Mutual Insurance Co.,514 So.2d 881, 882 (Ala. 1987).
The record, viewed in a light most favorable to the non-moving party, does not disclose any genuine issue of material fact. The defendant was entitled to a judgment as a matter of law. Therefore, the summary judgment must be affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.