Allied Supply Company, Inc. ("Allied"), appeals from a partial summary judgment entered in favor of the defendants, Mark Brown, Deborah Christopher, and David Graben,[1] in an action wherein Allied alleged that the defendants had breached their fiduciary duties in a number of ways; misappropriated confidential documents it characterized as "trade secrets"; suppressed material facts; and committed various acts of conspiracy. That judgment was made final pursuant to Rule 54(b), Ala.R.Civ.P. Brown, Christopher, and Graben have filed a cross-appeal, arguing that the trial court erred by not entering a summary judgment for them on count one of Allied's complaint, wherein it alleged that the defendants had breached their fiduciary duty.[2]
Brown, Christopher, and Graben were employees of Allied, an industrial supply company, until January 19, 1988. They all held managerial positions. Brown and *Page 35 
Christopher also held positions as corporate officers. In December 1987 they began discussing leaving Allied and forming their own industrial supply business. During December 1987 and January 1988, while still employed by Allied, the defendants took a number of steps toward forming that business. They resigned from Allied on January 19, 1988.
After the defendants resigned, Allied filed a complaint against them and the company they had formed. The company was later dismissed as a defendant. Brown, Christopher, and Graben moved for a summary judgment on each count in Allied's complaint. The trial court granted that motion, except as to Allied's claim that the defendants had breached their fiduciary duty by soliciting customers, vendors, and employees of Allied before resigning, and by misappropriating confidential documents. This appeal and cross-appeal follow.
 APPEAL
Allied argues that it was error to enter a summary judgment on its claim that Christopher had breached her fiduciary duty by recommending that Allied purchase a new computer system and by "agreeing to be responsible for the installation, set up, operation, and use" of that system, even though she knew that she would soon be resigning from Allied. In a similar claim, Allied contended that the defendants had breached their fiduciary duties by resigning "en masse," without giving Allied the opportunity to hire and train personnel to replace them. In both claims, Allied is arguing that, as part of a general fiduciary duty, agents are obligated to give their principals advance notice of their plans to resign.
The defendants were employees at will. They had no employment contracts with Allied and, most significantly, no noncompetition agreements. Those facts are not in dispute. Employees at will can terminate their employment, or can be terminated by their employer, at any time, with or without cause or justification. Bell v. South Central Bell,564 So.2d 46 (Ala. 1990); Bailey v. Intergraph Corp., 537 So.2d 21 (Ala. 1988). Implicit in the "employment-at-will" doctrine is the concept that an employee at will can be discharged, or, conversely, can terminate his employment, without prior notice.Martin v. Tapley, 360 So.2d 708 (Ala. 1978). Although this doctrine has been criticized as harsh, it remains the law in Alabama. Allied has not presented any Alabama cases holding that the "employment-at-will" doctrine is modified by an agent's fiduciary duty to his employer.
Allied does direct this Court's attention to Cudahy Co. v.American Laboratories, Inc., 313 F. Supp. 1339 (D.Neb. 1970), as support for its contention that, as a matter of loyalty, an agent should be required to disclose to his principal any plans he has to resign. We find that Cudahy does not support that argument, but instead recognizes that it is not a violation of an employee's fiduciary duty to prepare to enter into competition with his employer without providing prior notice.313 F. Supp. at 1346. The principle expressed in Cudahy has been followed by courts in other jurisdictions. See, e.g., U.S.Anchor Mfg., Inc. v. Rule Industries, Inc., 717 F. Supp. 1565
(N.D.Ga. 1989); Celpaco, Inc. v. MD Papierfabriken,686 F. Supp. 983 (D.Conn. 1988); Abraham Zion Corp. v. Lebow,593 F. Supp. 551 (S.D.N.Y. 1984), aff'd, 761 F.2d 93 (2d Cir. 1985);Bancroft-Whitney Co. v. Glen, 64 Cal.2d 327, 49 Cal.Rptr. 825,411 P.2d 921 (1966); Fish v. Adams, 401 So.2d 843 (Fla. Dist. Ct. App. 1981); E.D. Lacey Mills, Inc. v. Keith,183 Ga. App. 357, 359 S.E.2d 148 (1987); Maryland Metals, Inc. v. Metzer,282 Md. 31, 382 A.2d 564 (1978); and Rehabilitation Specialistsv. Koering, 404 N.W.2d 301 (Minn.App. 1987).
In addition, it would be unjust to require an employee-at-will to give his employer advance notice of his resignation without imposing a reciprocal duty on the employer to give notice of its intent to terminate employment. Neither requirement would be amenable to existing law. Summary judgment on these issues was appropriate. *Page 36 
Allied also contends that the defendants' failure to give it prior notice of their intention to resign was a suppression of material fact. Ala. Code 1975, § 6-5-102. For the reasons stated above, it is clear that under the facts of this case, the defendants were not under a duty to disclose their intention to Allied. Absent a duty to communicate, there can be no liability under § 6-5-102. Cherokee Farms, Inc. v. Fireman'sFund Ins. Co., 526 So.2d 871 (Ala. 1988).
Allied also contends that Brown, Christopher, and Graben misappropriated customer and vendor lists before they left Allied; that those lists were "trade secrets"; and that by misappropriating the lists, the defendants violated both the common law and the Alabama Trade Secrets Act ("the Act"). Ala. Code 1975, § 8-27-1 et seq.
The trial court treated those claims separately, implicitly holding that a cause of action existed under both the common law and the Act. The court entered summary judgment against Allied on its claim filed pursuant to the Act, but denied summary judgment on Allied's "common law misappropriation" claim. The propriety of the court's ruling that two causes of action existed will be addressed in our discussion of the defendants' cross-appeal.
Section 8-27-2(1)(a)-(e) sets out a definition of "trade secret" that is composed of six elements. Most importantly for this case, § 8-27-2(1)(e) requires that the purported "trade secret" be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." The burden is on the party asserting trade secret protection to show that reasonable steps were taken to protect secrecy. Comment, §8-27-2.[3]
After reviewing the material presented by the defendants in support of their motion for summary judgment, and by Allied in opposition to the defendants' motion, this Court concludes that there is not a genuine issue of material fact regarding whether Allied made reasonable efforts to maintain the secrecy of the lists. According to answers provided by Allied to interrogatories propounded by the defendants, at least 10 Allied employees had free access to the lists. In addition, the lists were not marked "confidential"; the lists were taken home by employees; multiple copies of each list existed; and the information on the lists was contained in the receptionist's Rolodex file. In light of that evidence, we agree with the trial court's implicit holding that Allied did not meet its burden of showing that it had taken reasonable steps to ensure that the lists remained a "trade secret." Summary judgment on Allied's claim under the Act was proper.
Finally, Allied argues that the trial court erred by entering a summary judgment on its claims that the defendants had conspired to defraud it, to breach their fiduciary duty by failing to give notice of their intent to resign, and to misappropriate confidential documents or "trade secrets."
This Court has stated that a conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy but the underlying wrong that was allegedly committed.Massengill v. Malone Freight Lines, Inc., 538 So.2d 784 (Ala. 1988); Sadie v. Martin, 468 So.2d 162 (Ala. 1985). If the underlying cause of action is not viable, the conspiracy claim must also fail. Id. For the reasons already set forth in this opinion, Allied's claims of fraud, breach of fiduciary duty based on the defendants' failure to give Allied notice of their resignations, and misappropriation of "trade secrets" were not viable claims. Therefore, the summary judgment on the conspiracy claim, as it related to each of those claims, was appropriate. Id.
 CROSS-APPEAL
The trial court denied the defendants' motion for summary judgment on count *Page 37 
one of Allied's complaint.[4] That count contained allegations that the defendants had breached their fiduciary duty by soliciting employees, customers, and vendors of Allied while still employed by the corporation and by misappropriating confidential documents. The defendants do not deny that they spoke with customers, vendors, and employees about their plans to form a business and encouraged them to either work for or trade with that business. However, they contend that their conduct in these matters was "ambivalent" or "casual" and therefore did not constitute a breach of fiduciary duty.
It is an agent's duty to act, in all circumstances, with due regard for the interests of his principal, and to act with the utmost good faith and loyalty. Williams v. Williams,497 So.2d 481 (Ala. 1986). Implicit in this duty is an obligation not to subvert the principal's business by luring away customers or employees of the principal, or to otherwise act in any manner adverse to the principal's interest. See Naviera Despina, Inc.v. Cooper Shipping Co., 676 F. Supp. 1134 (S.D.Ala. 1987). In light of that duty, we agree with the trial court that there remain genuine issues of material fact regarding the extent of the defendants' solicitations of employees, vendors, and customers of Allied. Therefore, it was not error to deny summary judgment on those issues.
However, we do not agree with the trial court's ruling that Allied could pursue both statutory and common law theories of recovery for the defendants' alleged misappropriation of "trade secrets" or confidential documents. The Alabama Trade Secrets Act "is intended to both codify and to modify the common law of trade secrets in Alabama." Comment, § 8-27-6. The committee's comments to the Act indicate that the legislature intended for the Act to replace common law tort remedies for the misappropriation of trade secrets, while leaving existing contract remedies or safeguards in place. Id.; Long, TheAlabama Trade Secrets Act, 18 Cumb.L.Rev. 557, 562 (1988). Because existing common law tort theories of recovery have been replaced by the provisions of the Act, the court's holding that Allied could pursue a common law misappropriation cause of action was error and is due to be reversed.
For the reasons stated above, the judgment of the trial court, except for that portion denying summary judgment on Allied's common law claim that the defendants misappropriated or conspired to misappropriate "trade secrets" or confidential documents, is affirmed. Specifically, our affirmance includes that portion of the trial court's order denying summary judgment on the claim that the defendants breached their fiduciary duty by soliciting Allied's employees, vendors, and customers.
1900448 — AFFIRMED.
1900447 — AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] Brown, Christopher, and Graben will be referred to as "the defendants" or, where appropriate, by their individual surnames.
[2] Allied's complaint also contained a number of other allegations, including: interference with a business relationship; seizure of a corporate opportunity; and violation of RICO. Those claims were withdrawn by Allied.
[3] Allied relies heavily on this Court's opinion in Drill Parts Service Co. v. Joy Mfg. Co., 439 So.2d 43 (Ala. 1983). However, Drill Parts was decided well before August 12, 1987, the effective date of the Act. Long, The Alabama TradeSecrets Act, 18 Cumb.L.Rev. 557 (1988). Because this Court applied the common law in Drill Parts, as opposed to the Act, the application of that case to the facts of this case is limited.
[4] The defendants have properly brought an appeal by permission pursuant to Rule 5, Ala.R.App.P., and, in a previous order, this Court has granted permission to appeal.