SHORES, Justice.
The plaintiff, Hubert Earl Harrison, appeals from a summary judgment in favor of the defendant, Southern Pine Electric Cooperative, Inc., in a termination of employment case. We affirm.
Harrison, a employee of Southern Pine Electric Cooperative, Inc., injured his right foot on January 20,1983. He sought workmen’s compensation benefits in 1985; they were denied by a letter dated January 8, 1986. Even though he continued to have problems with his foot, Harrison worked until January 3, 1986, when he was placed on long-term disability benefits through an insurance-funded program of his employer.
In May 1988, Harrison’s treating physician completed a long-term disability insurance report, indicating that Harrison was physically unable to return to his regular job. Southern Pine terminated Harrison, contending 1) that he was no longer able to do his job, and 2) that there was no job available at Southern Pine that he could perform.
On October 24, 1988, Harrison sued Southern Pine. In Count I he sought workmen’s compensation benefits; in Count II he alleged a wrongful discharge in violation of § 25-5-11.1, Code of Alabama 1975. Southern Pine asserted the affirmative defense of the statute of limitations, arguing that Harrison had not complied with § 25-5-117 (which provides a one-year limitations period for claims or actions based on occupational diseases) and § 25-5-80 (which provides that the limitations period is two years, to run from the date of the *1005 injury or the last payment of compensation).
Southern Pine moved for a summary judgment. On July 6, 1990, the trial court entered a summary judgment in favor of Southern Pine as to Count I, and made that judgment final pursuant to Rule 54(b), A.R.Civ.P. The record reflects that this final judgment as to Count I was not appealed within the 42 days after the entry of judgment allowed by Rule 4, A.R.App.P. The trial court denied the motion for summary judgment as to Count II, holding that Harrison had established a prima facie case of retaliatory discharge and had thereby shifted the burden of proof to the employer, Southern Pine.
On October 10, 1991, the date the case had been announced ready for trial, Southern Pine moved for a summary judgment as to Count II. On the same date, Harrison filed his first amended complaint, adding Count III, in which he alleged breach of an employment contract, and Count IV, alleging mental anguish. Southern Pine responded by moving to strike the amended complaint and by moving for a summary judgment. On January 29, 1992, the trial court entered a summary judgment in favor of Southern Pine as to Counts II, III, and IV. Harrison filed his notice of appeal on March 3, 1992. The summary judgment as to Count I is dated July 6, 1990; the notice of appeal is dated March 3, 1992. Therefore, the appeal is untimely as to Count I and, as to that count, is due to be dismissed. Only the appeal of the summary judgment as to Counts II, III, and IV is before us.
We have carefully studied the lengthy record in this case, and we conclude that the judgment of the trial court is due to be affirmed on the authority of Rule 56, A.R.Civ.P.; Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364 (Ala.1988); McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299 (Ala.1991); Hoffman-LaRoche, Inc. v. Campbell, 512 So.2d 725 (Ala.1987); Bailey v. Intergraph Corp., 537 So.2d 21 (Ala.1988); Bell v. South Central Bell, 564 So.2d 46 (Ala. 1990); and Stinson v. American Sterilizer Co., 570 So.2d 618 (Ala.1990).
DISMISSED IN PART; AFFIRMED IN PART.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.