**ESTATE OF LTC William Lewis SCOTT, DP1 Edward L. Scott, Personal Representative, Plaintiff,**

v.

**William W. SCOTT, Bank of Dadeville, et al., Defendants.**

Civ. A. No. 95–D–599–E.

United States District Court, M.D. Alabama, Eastern Division.

Oct. 30, 1995.

Truman M. Hobbs, Jr., Montgomery, AL, James A. Taylor, Jr., and Carol H. Stewart, Birmingham, AL, for defendants.

## MEMORANDUM OPINION

DE MENT, District Judge.

Before the court is the defendants Bank of Dadeville and Wylodene R. Foshee Murphy's motion filed June 19, 1995, to dismiss the above-styled case. Also before the court is the defendant William W. Scott's motion filed June 22, 1995, to dismiss the above-styled case. The plaintiff responded in opposition to both motions on July 11, 1995. Because defendant Scott's motion adopts the arguments and brief of defendants Bank of Dadeville and Murphy's motion, the court will address them simultaneously. After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds that the defendants' motions are due to be granted.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

 Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure,* a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See e.g., Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991); *see also Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

## PROCEDURAL HISTORY AND FACTS

This action filed May 4, 1995, is brought by the plaintiff on behalf of the estate of Lieutenant Colonel (LTC) William Lewis Scott (hereafter "decedent") and against William W. Scott (hereafter "Mr. Scott"), the Bank of Dadeville and Wylodene R. Foshee Murphy (hereafter "Ms. Murphy"). The plaintiff attempts to invoke the court's jurisdiction based on the Racketeer Influenced and Corrupt Organizations Act (hereafter "RICO"), diversity of citizenship and pendent jurisdiction.

The plaintiff contends that a mortgage was entered into wherein Mr. Scott was the mortgagor and the decedent was the mortgagee. A release of the indebtedness secured by that mortgage was signed by the decedent and notarized by Ms. Murphy. The release was subsequently filed with the Judge of Probate for Tallapoosa County, Alabama. The plaintiff contends that the release was improperly notarized and, therefore, was false and fraudulent. As such, the plaintiff argues that the decedent's estate has been damaged due to the filing of the allegedly fraudulent release.

Specifically, the plaintiff's complaint contains, among other averments, RICO allegations which are predicated upon mail and wire fraud. Pl.'s Compl. at ¶¶ 11–21. Further, the plaintiff's pendent state law claims include: (1) indebtedness;[1] (2) fraud and misrepresentation; and (3) civil conspiracy. Pl.'s Compl. at ¶¶ 22–31.

---

1. The allegation of indebtedness does not relate to defendants Bank of Dadeville and Ms. Murphy; the plaintiff's indebtedness count is directed only to defendant William W. Scott. Pl.'s Compl. at ¶¶ 22–25.

The defendants Bank of Dadeville and Ms. Murphy move the court to dismiss this case on the following grounds: (1) the plaintiff's complaint fails to meet the requirements of Rules 9(b) and 12(b)(6) of the *Federal Rules of Civil Procedure* and (2) the plaintiff has failed to state a claim against these defendants for misrepresentation. The defendant Mr. Scott also moves the court to dismiss this case pursuant to the above stated reasons and, in addition, for the following reasons: (1) the plaintiff's complaint contains conclusory allegations; (2) the complaint fails to allege that Mr. Scott knowingly used interstate mail; (3) the complaint fails to demonstrate that Mr. Scott participated in an enterprise engaged in a pattern of illegal activity; (4) the plaintiff fails to allege a misrepresentation involving Mr. Scott; and (5) on the face of the complaint, the plaintiff cannot demonstrate any indebtedness owed to him.

## DISCUSSION

### A. Pleading Requirements Under Rule 9(b)

■ The requirement that all averments of fraud and the circumstances constituting fraud be stated with particularity is applicable to civil RICO actions.[2] *Hunt v. American Bank & Trust Co.*, 606 F.Supp. 1348, 1363 (N.D.Ala.1985), *aff'd*, 783 F.2d 1011 (11th Cir.1986). The court recognizes that the policy which supports a strict application of Rule 9(b) in RICO actions is as follows:

First, the mere invocation of the statute has such an *in terrorem* effect that it would be unconscionable to allow it to linger in a suit and generate suspicion and unfavorable opinion of the putative defendant unless there is some [articulated] factual basis which, if true, would warrant recovery under the statute. Second, the concepts within the statute are so nebulous that if the cause of action were only generally pled, a defendant would have no effective notice of a claim showing that the pleader is entitled to relief.

*Taylor v. Bear Stearns & Co.*, 572 F.Supp. 667, 682 (N.D.Ga.1983) (emphasis in original); *see also Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir.1989). Since the plaintiff's assertions in this case are predicated upon allegations of mail and wire fraud, the court will adhere to Rule 9(b) and require the plaintiff to plead the facts regarding the alleged fraud with particularity.

### 1. Pleading Mail Fraud and Wire Fraud with Particularity

■ The defendants first contend that the plaintiff has failed to state with particularity the time, place and purported contents of the false representations as required by Rule 9(b). In support, the defendants rely on *Grafman v. Century Broadcasting Corp.*, 727 F.Supp. 432 (N.D.Ill.1989) and *Gore v. Eichholz*, No. CV 491–084, 1992 WL 96316 (S.D.Ga.1992), where both courts dismissed the plaintiffs' complaints, because the plaintiffs' failed to plead mail fraud, and in the latter case also wire fraud, with particularity as required by Rule 9(b).

In *Grafman*, the court found that, although the plaintiff adequately alleged the time of the fraudulent mailings, the complaint still failed to satisfy the requirements of Rule 9(b), because it did not specify the "places of the mailings" or the misrepresentations allegedly contained therein. *Id.* at 435–36. Similarly, in *Gore*, the court found that the following was insufficient to meet the requirements of Rule 9(b):

That in furtherance of said scheme or pattern of racketeering activities, the Defendants utilized the mail and telephone on multiple occasions and were thereby guilty of mail fraud and wire fraud in the prosecution and furtherance of their fraudulent scheme ... that the mails were used for the transmission of documents and correspondence in connection with said scheme and telephones were used for conversations in furtherance of said scheme and for transmission of facsimile documents in furtherance of said scheme, all of which, together with other acts of Defendants ...

---

**2.** Rule 9(b) of the *Federal Rules of Civil Procedure* states that "in all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity."

constitute "Racketeering activity" within the meaning of 18 U.S.C.S. § 1861 et. [sic] seq. for which they are liable to Plaintiffs ... in treble damages, attorney's fees and costs of this action.

*Gore,* 1992 WL 96316 at *3. Specifically, the court said that the complaint failed to plead "such essential details as the date or time of any telephone conversation related to the alleged scheme to defraud, or the identification of specific mailing used in the scheme to defraud ... or direct injury." *Id.* at *4.

In this case, the complaint merely states that "[t]he actions of the Defendant in using the United States mail and the telephone constituted violations of 18 U.S.C. Sections 1341–1343." Pl.'s Compl. at ¶ 18. Clearly, this does not meet the minimal requirements of Rule 9(b), and therefore, the court finds that the plaintiff's RICO count is due to be dismissed.

### 2. Pleading Detrimental Reliance with Particularity

Notwithstanding the above determination, the court will next inquire into whether the plaintiff has shown that he has suffered a direct injury resulting from the alleged mail or wire fraud violations. The Eleventh Circuit has stated that a private plaintiff who asserts a mail or wire fraud violation as a predicate act must show not only that the mail fraud statutes have been violated, but must also show that he or she has suffered a direct injury resulting from the violation. *Pelletier v. Zweifel,* 921 F.2d 1465, 1499–1500 (11th Cir.), *cert. denied,* 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991); *O'Malley v. O'Neill,* 887 F.2d 1557, 1563 (11th Cir.1989), *cert. denied,* 496 U.S. 926, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990). The plaintiff must allege with particularity that he detrimentally relied on the alleged misrepresentations. *Id.* If the plaintiff fails to do so, the court may dismiss the plaintiff's RICO claim. *O'Malley,* 887 F.2d at 1563; *Blount Financial Servs., Inc. v. Walter E. Heller & Co.,* 819 F.2d 151, 152–53 (6th Cir. 1987).

In this case, the plaintiff asserts the following regarding detrimental reliance:

The personal representative of the estate of LTC William L. Scott relied upon the false, fraudulent, improper and/or illegal release filed by Defendant Bank of Dadeville on behalf of Defendant William W. Scott on May 5, 1993. As a result of said reliance, the estate of LTC William L. Scott was devalued by approximately $60,000.00 including interest and principal.

Pl.'s Compl. at ¶ 15. Clearly these facts fail to specifically show how the plaintiff detrimentally relied on a statement contained in the alleged mailings. Further, the plaintiff's allegations fail to disclose how the personal representative purportedly relied on the alleged "illegal" release. Therefore, the court finds that the above failure to plead detrimental reliance with particularity provides a separate ground to dismiss the RICO count.

### 3. Specifying Subsection of 18 U.S.C. § 1962

The court will adhere to the requirement that "to allege the elements of a cause of action [based upon RICO] the plaintiff must reveal which subsection of section 1962 the defendant allegedly violated, for each subsection has different elements." *Gore,* 1992 WL 96316 at *2. The purpose behind this requirement is to give the defendant "fair notice of the grounds of a RICO claim." *Id.* The court also recognizes that failure to plead the specific subsection of § 1962 may alone constitute grounds to dismiss a RICO complaint. *Atlantic Gypsum Co. v. Lloyds Intern. Corp.,* 753 F.Supp. 505 (S.D.N.Y.1990).

Here, the court finds that the plaintiff has failed to allege which specific subsection of § 1962 the defendants are alleged to have violated. The plaintiff avers that the defendants have violated "18 U.S.C. Sections 1961 *et seq.*" Pl.'s Compl. at ¶ 1. The court cannot determine from this statement which RICO subsection is at issue. Therefore, the court again finds additional support to dismiss the RICO count.

Because the foregoing discussions clearly support a finding that the plaintiff's RICO violations are due to be dismissed, the court will not inquire into the defendants' assertions that the plaintiff has also failed to plead

proximate cause and scienter with particularity and the assertion that the plaintiff's RICO count fails to properly allege a "pattern" of racketeering activity. As such, the court also will not address Mr. Scott's additional grounds for dismissal contained in his motion to dismiss.

### B. *Plaintiff's State Law Claims*

The defendants next contend that the plaintiff's fraud and misrepresentation count and civil conspiracy count are due to be dismissed. Essentially, the defendants' contend that the claims are due to be dismissed, because the plaintiff has failed to allege the existence of a false statement of material fact as required by Alabama law.

### 1. Fraud and Misrepresentation

 Under Alabama law, a plaintiff must allege the following to set forth a claim for fraud or misrepresentation: "(1) a misrepresentation of a material fact; (2) made wilfully to deceive or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence." *McGarry v. Flournoy,* 624 So.2d 1359, 1361 (Ala.1993) (citing Ala.Code § 6–5–101; *Ramsay Health Care, Inc. v. Follmer,* 560 So.2d 746, 749 (Ala. 1990)). In this case, the court finds that the evidence reveals that the plaintiff has failed to allege the first element of the test—a false statement of material fact. The court believes that the complaint simply fails to allege that the release itself is fraudulent or that the decedent's signature on the release is not genuine. In fact, the plaintiff admits in the complaint that the signature on the release is that of the decedent. Pl.'s Compl. at ¶ 26.

 The court determines that the valid signature renders the release enforceable, because the release is valid and effective without the notarization. *See* Ala.Code § 8–9–2 (agreement not void where signed by the party to be charged therewith; no requirement of notarization to be valid); *Butler v.*

*Olshan,* 280 Ala. 181, 191 So.2d 7, 17 (1966) (mortgage enforceable without a proper acknowledgment). The notarization allows the recordation of the release. In other words, the plaintiff's allegation that the notarization causes the release to be fraudulent is without merit. Because the plaintiff has not alleged the existence of a false statement, the court finds that the plaintiff's claim of fraud and misrepresentation is due to be dismissed. Furthermore, the court's finding that the release is enforceable renders the plaintiff's claim of indebtedness against Mr. Scott meritless.[3]

### 2. Civil Conspiracy

 The court will next address the plaintiff's state law claim of civil conspiracy. Under Alabama law, "[a] civil conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." *Sadie v. Martin,* 468 So.2d 162, 165 (Ala.1985). More importantly, conspiracy is not an independent cause of action, and therefore, "when alleging conspiracy, a plaintiff must have a viable underlying cause of action." *Drill Parts & Serv. Co. v. Joy Mfg.,* 619 So.2d 1280, 1290 (Ala.1993) (affirming summary judgment in favor of defendant on plaintiff's conspiracy claim because defendant had no viable claims to support the conspiracy). Thus, the liability imposed by violating this count depends "upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy." *Jones v. BP Oil Co.,* 632 So.2d 435, 439 (Ala.1993); *Betts v. McDonald's Corp.,* 567 So.2d 1252 (Ala.1990) (an "actionable wrong" must exist to support a conspiracy claim); *Allied Supply Co. v. Brown,* 585 So.2d 33, 36 (Ala.1991) ("If the underlying cause of action is not viable, the conspiracy claim must also fail."); *Sadie,* 468 So.2d at 165 (summary judgment dismissing plaintiff's conspiracy claim affirmed because there was no "actionable wrong" underlying it).

*See Gaubert,* 499 U.S. at 327, 111 S.Ct. at 1276.

---

**3.** The court stresses that in the foregoing analysis it viewed the allegations in the complaint as true.

In this case, the plaintiff bases his conspiracy claim on the defendants' efforts to defraud "by filing a fraudulent release of the indebtedness in the office of the Judge of Probate of Tallapoosa County, Alabama." Pl.'s Compl. at ¶ 31. Since, as discussed *supra*, the plaintiff failed to allege that the release was fraudulent, the court finds that the plaintiff has no viable underlying claim to support the conspiracy count. As such, the court concludes that the civil conspiracy claim is due to be dismissed.

## CONCLUSION

For the foregoing reasons, the court finds that defendants Bank of Dadeville, Wylodene R. Foshee Murphy and William W. Scott's motions to are due to be granted. A judgment in accordance with this memorandum opinion will be entered separately.