Ronald E. ROGERS, Plaintiff,

v.

DESA INTERNATIONAL, INC., Home Depot USA, Inc., d/b/a Home Depot, Lowe's Home Centers, Inc. d/b/a Lowe's Home Improvement Warehouse, and Northern Tool & Equipment Company, Inc., Defendants.

No. 00–73986.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 22, 2002.

Richard W. Hoffman, Warn, Burgess & Hoffman, Auburn Hills, MI, for plaintiff.

William A. Sankbeil, Kerr, Russell & Weber, Detroit, MI, for Desa.

David L. Witcoff, Marc S. Blackman, Stacy A. Baim, Jones, Day, Reavis & Pogue, Chicago, IL, for Desa.

## OPINION AND ORDER

FEIKENS, District Judge.

Ronald Rogers, plaintiff, invented and patented a tree trimming device. It is essentially a chain saw at the end of a telescoping pole. Prior to patenting the invention, he took his idea to defendant, Desa International, Inc. (Desa), a manufacturer of chain saws. After some discussion, Desa told Rogers that they were not interested in producing his invention. Now, Desa is producing and marketing a tree trimming device which is essentially a chain saw at the end of a telescoping pole. Rogers is suing Desa as well as various other defendants who sell the accused product for patent infringement. I granted defendants' motion for summary judgment on the invalidity of Rogers's patent in an opinion and order dated October 19, 2001, holding that Rogers's patent was obvious in light of the abundance of prior art.

Rogers also claims that Desa misappropriated Rogers's trade secrets in violation of the Kentucky Uniform Trade Secrets Act (KUTSA). *See* Kent.Rev.Stat.Ann. § 365.880 (2001). Rogers claims trade secret protection for his "novel pole saw device" for the time before his patent issued. Though Rogers does not specify exactly what constitutes the trade secret

he alleged was misappropriated, it seems to be the device he patented: an electric chain saw releasably attached by a bracket to a telescoping pole assembly which includes a trigger depression device and a remote operating switch.

This is a diversity action and defendant Desa is a corporate resident of Kentucky, therefore KUTSA applies to Rogers's allegations. Desa has moved for summary judgment on this issue also. I heard oral argument on January 9, 2002. For reasons set forth below, I grant Desa's motion.

**Background/Facts**

Rogers conceived his idea for the pole-saw (though he had not yet created a prototype) and submitted it to the Invention Submission Corporation (ISC), which is a business that assists inventors in acquiring patents. He decided not to follow through with them. During his dealings with ISC, however, both Rogers and ISC entered into a confidentiality agreement.

By 1996 Rogers had made a prototype. He showed it to at least one friend. Rogers decided that since the prototype included a chainsaw manufactured by Desa, he would contact Desa to propose that they purchase and manufacture his invention.

On October 14, 1996, he called Desa and spoke to Jeff Polofsky, a vice president. In that conversation, Rogers described his invention and offered to send a videotape to Polofsky detailing the invention. Polofsky expressed interest. Rogers sent him the videotape. He again called Polofsky and according to Rogers, Polofsky asked Rogers to explain the wiring in the invention. Rogers also claims that he and Polofsky discussed sending engineers to Rogers's home in order to view the invention.

About a month later, not having heard from Polofsky or anyone else at Desa, Rogers called again. Polofsky told Rogers that Desa was not interested in the invention because it was not cost efficient. Polofsky also refused to sell the saws to Rogers that he would need to produce his invention. That was his last verbal contact with Polofsky though at some point in the future, Rogers did receive a chainsaw in the mail from Desa.

In January of 1998 Rogers filed a provisional patent application and a patent was issued on March 23, 1999.

**Analysis**

I have jurisdiction over this trade secret claim since it is raised in a diversity action: plaintiff is a resident of Michigan while defendant is a corporate resident of Kentucky. Neither party disputes that Kentucky law governs this claim.

The Kentucky Uniform Trade Secrets Act ("KUTSA") requires that Rogers establish that the information he claims was misappropriated was in fact a trade secret. The KUTSA defines a trade secret as

Information, including a formula, pattern, compilation, program, data, design, method, technique, or process that:

(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Kent.Rev.Stat.Ann. § 365.880(4). Desa's motion must be granted because Rogers's information fails to meet the requirements of this statute.

Desa asserts that Rogers admits that he made *no* efforts to maintain secrecy or confidentiality in his invention. It states that he never asked for either an

oral or written confidentiality agreement and that Desa in no way solicited Rogers's offers.

Rogers responds by arguing that confidentiality was implied by the circumstances, that because he told Polofsky that *he* had invented the pole saw and wanted to make a deal with Desa, Polofsky should have known that they were talking about a trade secret. He also argues that Polofsky never told him that Desa would *not* keep his idea confidential and that Polofsky did not ask him to waive confidentiality.

My attention has been drawn to only one case that specifically interprets KUTSA. In *Auto Channel v. Speedvision Network*, the federal court in the Western District of Kentucky granted summary judgment to the defendants holding that the alleged misappropriated information, an idea and research regarding a proposed cable station, did not qualify as a trade secret where the plaintiffs "made only the most incidental effort to keep the information secret under the circumstances." 144 F.Supp.2d 784, 794–95 (W.D.Ky.2001). The court stated, "To qualify as a trade secret, the information must 'derive independent economic value,' not be 'readily ascertainable by proper means,' and be the 'subject of efforts that are reasonable under the circumstances to maintain its secrecy.'" *Id.* The court in *Auto Channel* relied on a variety of cases for support from states which, like Kentucky, have adopted the Uniform Trade Secret Act. *See, e.g. Alagold Corp. v. Freeman*, 20 F.Supp.2d, 1305, 1315–16 (M.D.Ala.1998), *Religious Tech. Ctr. v. Netcom On-Line Communication Servs., Inc.* 923 F.Supp. 1231, 1254 (N.D.Cal.1995), *Web Communications Group, Inc. v. Gateway 2000, Inc.*, 889 F.Supp. 316, 320 (N.D.Ill.1995), *Allied Supply Co., Inc. v. Brown*, 585 So.2d 33, 36 (Ala.1991), *Morlife, Inc. v. Perry*, 56 Cal.

App.4th 1514, 66 Cal.Rptr.2d 731, 736 (1997).

In *Auto Channel*, plaintiffs gave defendants unsolicited information regarding their alleged trade secret. They sent material to defendants and failed to indicate it was confidential. "Their promotional materials were not marked with labels designating the information confidential or proprietary." *Id.* The parties in *Auto Channel* did not enter into a confidentiality agreement. "At no point did Plaintiffs require potential investors to agree to a nondisclosure agreement, nor did they ever send a nondisclosure request along with the materials." *Id.* These factors led the court in *Auto Channel* to the conclusion that plaintiffs' information did not qualify for a trade secret. "[N]o substantial factor suggests that these materials qualify as trade secrets. Instead, all these circumstances convincingly preclude any claim under KUTSA...." *Auto Channel*, 144 F.Supp.2d at 795.

The factors in *Auto Channel* are strikingly similar to the factors in the present case. Rogers gave unsolicited information to Desa regarding his invention. Though he had entered into a confidentiality agreement with ISC, he did not ask for a similar agreement from Desa. Rogers did not indicate on the video tape he sent Polofsky, either in the video itself or on an outside label, that the information contained therein was confidential.

Rogers's claim of implied confidentiality is without merit. In his brief he primarily relies on two opinions which do not support his assertions. The first opinion, *Lariscey v. United States*, 949 F.2d 1137 (Fed. Cir.1991), has since been vacated and withdrawn. The second opinion, *Phillips v. Frey*, 20 F.3d 623 (5th Cir.1994), is not a Kentucky case, and it is in a state that has not enacted a Uniform Trade Secrets Act. Additionally, the facts in *Phillips* are com-

pletely distinguishable from the case at hand.

At oral argument plaintiff's counsel cited additional cases that he claimed stood for the proposition that there is an implied duty of confidentiality and that this implied duty is enough to satisfy the KUTSA requirements. He relied on *Flotec, Inc. v. Southern Research, Inc.,* 16 F.Supp.2d 992, 1000 (S.D.Ind.1998), pointing out that "the court noted that an explicit promise of confidentiality is not necessary if the recipient of the information knew or should have known that the information was a trade secret and the owner expected the recipient to keep the information secret." *Zemco Mfg. Inc., v. Navistar Intl. Transportation Corp.,* 759 N.E.2d 239 (Ind.App. 2001) (discussing *Flotec Inc.,* 16 F.Supp.2d at 1006).

However, not only did the court in that case point out that the defendant could have assumed that the plaintiff knew how to ask that information be considered confidential, it also held that "Flotec did not even take the most elementary steps to protect" the information it had given to the defendant and that "[t]hese circumstances strongly indicate that Flotec failed to take reasonable steps to maintain the secrecy of its allegedly valuable information." *Flotec,* 16 F.Supp.2d at 1004–05 Though *Flotec* and the other cases cited by plaintiff's counsel do contain language supporting the concept of implied duty of confidentiality, counsel could point to no case in which such an implication was enough under the Uniform Trade Secret Act. Moreover, it is unclear in the case before me whether plaintiff's actions were enough to even trigger such a duty.

■ Rogers's invention can not qualify for trade secret protection because Rogers made no efforts whatsoever to maintain secrecy. He cannot satisfy the requirements of Kent.Rev.Stat.Ann. § 365.880(4)(b) because his information was not subject to any efforts that were reasonable under the circumstances to maintain secrecy.[1]

## Conclusion

Rogers's information is not a trade secret because it was not subject to reasonable efforts under the circumstances to maintain its secrecy. Therefore Desa's motion for summary judgment is granted.

IT IS SO ORDERED.

---

1. Though Desa did not raise the issue in its briefs, it is possible that Rogers's trade secret claim would also fail because the information is readily ascertainable through proper means. Under this theory, if an alleged trade secret can be obtained through legitimate means, the information has no independent economic value and therefore is not a trade secret. In Rogers's case, this could be a logical inference given the abundance of prior art reviewed in making the determination that his patent was invalid due to obviousness. However, as this question was neither briefed nor argued, and is not necessary for the ultimate conclusion, I need not make such a finding.